STATE of Minnesota, Plaintiff,

v.

Thomas James KULSETH, Defendant.

No. 82–373.

Supreme Court of Minnesota.

Sept. 7, 1982.

Warren Spannaus, Atty. Gen., and Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, W. M. Gustafson, Co. Atty., St. Peter, for plaintiff.

Robert Chesley, Herbert C. Kroon, Mankato, for defendant.

WAHL, Justice.

This is a criminal prosecution in which the district court has certified to this court the question whether Minn.Stat. § 609.101 (Supp.1981) violates certain provisions of the Minnesota Constitution, specifically, the requirement that legislation embrace only one subject, which shall be expressed in its title, and the requirement that taxes be uniform upon the same class of subjects, Minn.Const. art. IV, § 17, and art. 10, § 1.

The statute in question reads:

When a court sentences a person convicted of a felony, gross misdemeanor, or misdemeanor, other than a traffic or parking violation, and if the sentence does not include payment of a fine, the court shall impose an assessment of not less than $20 nor more than $40. If the sentence includes payment of a fine, the court shall impose a surcharge on the fine of ten percent of the fine. This section applies whether or not the person is sentenced to imprisonment and when the sentence is suspended. The court may, upon a showing of indigency or undue hardship upon the convicted person or his immediate family, waive payment or authorize payment of the assessment or surcharge in installments.

The court shall collect and forward the amount of the assessment or surcharge to the state treasurer to be deposited in the general fund for the purposes of providing services, assistance, or reparations or a combination, to victims of crimes through programs established under sec-

tions 241.51 to 241.66, under chapter 256D, and chapter 299B. If the convicted person is sentenced to imprisonment, the chief executive officer of the correctional facility in which the convicted person is incarcerated may collect the assessment or surcharge from any earnings the inmate accrues for work performed in the correctional facility and forward the amount to the state treasurer. The state treasurer shall identify and report to the commissioner of finance all amounts deposited in the general fund under this section.

When sentencing defendant, the trial court raised issues concerning the constitutionality of the surcharge and asked the defendant for consent to certify the issues to this court. The prosecutor questioned whether this was an appropriate case in which to certify the issue, given defense counsel's failure to challenge the statute's constitutionality. Nonetheless, the trial court stayed the decision to impose a surcharge or assessment and certified the issues to this court.

The state has filed the brief in which it argues forcefully that the statute is constitutional. However, the defendant has not filed a brief and the state public defender's office has declined an invitation to file a brief.

Under the circumstances, we conclude that a final determination of whether the statute violates certain provisions of the Minnesota Constitution must await a case in which both sides of the issues are litigated and represented. In the meantime, the statute carries with it the normal presumption of constitutionality.

Appeal dismissed.

COYNE, J., took no part in the consideration or decision of this case.